# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| U.S. BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:18-cv-00092-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| 9008 MEDICINE WHEEL TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 9), filed by Defendant

9008 Medicine Wheel Trust ("Defendant"). Plaintiff U.S. Bank, National Association,

("Plaintiff") filed a Response, (ECF No. 11), and Defendant filed a Reply, (ECF No. 14). Also

pending before the Court is Plaintiff's Counter Motion for Summary Judgment, (ECF No. 12).

Defendant filed a Response, (ECF No. 17), and Plaintiff filed a Reply, (ECF No. 22). For the

reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES**

Plaintiff's Motion for Summary Judgment as moot.[1]

## I.        BACKGROUND

This case involves the non-judicial foreclosure on real property located at 9008

Medicine Wheel Ave., Las Vegas, Nevada 89143, APN 125-08-414-008 (the "Property").

(Compl. ¶¶ 1–3, 12–23, ECF No. 1). Nora G. Gomez ("Gomez") held title to the Property at

the time of foreclosure, which Gomez obtained on May 17, 2004. (*Id.* ¶ 13). Several years after

acquiring title, Gomez took out a loan from Citicorp Trust Bank FSB ("Citicorp") on April 19,

2007, in the amount of $240,764.34, which Gomez secured with a Deed of Trust on the

---

[1] In addition to Defendant's pending Motion to Dismiss, (ECF No. 9), Defendant submitted a Motion to Strike, (ECF No. 13), regarding Plaintiff's Response, (ECF No. 11), and Counter Motion for Summary Judgment, (ECF No. 12). Because the Court grants Defendant's Motion to Dismiss, Defendants Motion to Strike is denied as moot.

Property, recorded on May 8, 2007. (*Id.* ¶¶ 14–16). Additionally, the Spring Mountain Ranch Home Owners Association ("HOA") subjected the Property to a declaration of covenants, conditions, and restrictions. (*Id.* ¶ 12).

On December 17, 2010, the Nevada Association Service, Inc. ("NAS"), on behalf of the HOA, filed a Notice of Delinquent Assessment Lien against the Property in the Office of the Clark County Recorder ("Clark County Recorder"). (*Id.* ¶ 19). Thereafter, on April 28, 2011, NAS, again on behalf of HOA, filed with the Clark County Recorder a Notice of Default and Election to Sell under the Notice of Delinquent Assessment lien on the Property. (*Id.* ¶ 20). NAS then recorded a Notice of Sale with the Clark County Recorder on October 17, 2011. (*Id.* ¶ 21). HOA ultimately purchased the Property for $5,996.31 at a foreclosure sale held on March 2, 2012. (*Id.* ¶ 22). The foreclosure deed was recorded with the Clark County Recorder on March 29, 2012. (*Id.*). Afterward, HOA quitclaimed its interest in the Property to Defendant, which HOA recorded with the Clark County Recorder on April 5, 2012. (*Id.* ¶ 23).

Plaintiff received an assignment of the Deed of Trust to the Property on February 26, 2014, from CitiMortgage, which CitiMortgage recorded with the Clark County Recorder on March 11, 2014. (*Id.* ¶ 18). CitiMortgage held the Deed of Trust to the property at that time because it received an earlier assignment of the Deed of Trust from Citicorp—the original lender and beneficiary of the Deed of Trust—on August 25, 2010. (*Id.* ¶¶ 16–17).

Plaintiff filed its Complaint against Defendant on January 17, 2018. (*Id.* ¶¶ 1–3). The Complaint alleges the following causes of action: (1) declaratory relief under the Fifth and Fourteenth Amendments of the U.S. Constitution; (2) quiet title under the Fifth and Fourteenth Amendments of the U.S. Constitution; (3) declaratory relief – inequitable/commercially unreasonable HOA foreclosure sale; (4) quiet title – inequitable/commercially unreasonable HOA foreclosure sale; and (5) unjust enrichment. (*Id.* ¶¶ 24–66).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly,

"documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**III.        DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint in its entirety on the basis that all of its claims are time-barred under the applicable statutes of limitations. (Mot. to Dismiss ("MTD") 3:7–8, ECF No. 9).  Specifically, Defendant argues that Plaintiff's quiet title claims are subject to a five-year limitations period, which began to accrue either at the time of the Property's foreclosure sale on March 2, 2012, or when the Spring Mountain Trust quitclaimed all of its interest in the Property to Defendant and recorded with the Clark County Recorder on April 5, 2012. (*Id.* 3:20–23).  Defendant argues that because Plaintiff did not file its Complaint until January 17, 2018, the quiet title claims are thus time-barred. (*Id.* 3:25–27).  Defendant

1  also argues that Plaintiff's declaratory relief claims should be dismissed because they seek to

2  reclaim the Property through the time-barred quiet title claims. (*Id.* 4:1–2).  Last, Defendant

3  argues that Plaintiff's unjust enrichment claim is subject to a four-year limitations period,

4  which began to accrue no later than April 5, 2012, when the Spring Mountain Trust recorded

5  Defendant's quitclaim deed to the Property. (*Id.* 4:3–9).  Defendant therefore argues that the

6  unjust enrichment claim is time-barred because Plaintiff did not file its Complaint until January

7  17, 2018. (*Id.*).

8  ### A. Quiet Title and Declaratory Relief

9  Under NRS 40.010, a quiet title action "may be brought by any person against another

10  who claims an estate or interest in real property, adverse to the person bringing the action, for

11  the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  NRS 11.070 sets a

12  five-year limitations period for quiet title actions. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs.*

13  *Pool 1, LLC*, No. 2:17-cv-02638-GMN-GWF, 2018 WL 3758569, at *2 (D. Nev. Aug. 8,

14  2018); *see also Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir.

15  2015) ("The statute of limitations for quiet title claims in Nevada is five years."); *Bank of Am.,*

16  *N.A. v. Antelope Homeowners' Ass'n*, No. 2:16-cv-00449-JCM-PAL, 2017 WL 421652, at *3

17  (D. Nev. Jan. 30, 2017).  In the instance of a non-judicial foreclosure, the statute of limitations

18  begins to run at the time of the foreclosure sale. *See Deutsche Bank Nat'l Tr. Co.*, 2018 WL

19  3758569, at *2; *Bank of Am., N.A.*, 2017 WL 421652, at *3; *see also Weeping Hollow Ave. Tr.*

20  *v. Spencer*, 831 F.3d 1110, 1114 (9th Cir. 2016) ("Under Nevada law, Spencer could have

21  brought claims challenging the HOA foreclosure sale within five years of the sale.").

22  In this case, Plaintiff argues that the limitations period "has never begun to run" because

23  its interest in the Property has not been extinguished. (Resp. 5:7–22).  To make this argument,

24  Plaintiff cites *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir.

25  2016), and claims that since *Bourne Valley* held that the foreclosure statute which authorized

1  the sale in this case was facially unconstitutional, the Deed of Trust was thus never actually

2  eliminated. (*Id.*).  In effect, however, Plaintiff recognizes that its interest was originally affected

3  by the initial foreclosure, which purportedly extinguished Plaintiff's Deed of Trust. *See* Nev.

4  Rev. Stat. 116.3116.  Therefore, the statute of limitations period began to run at the time of

5  foreclosure on March 2, 2012—not when a court later called into question the relevant

6  foreclosure statute in an unrelated case. *See Bank of N.Y. Mellon v. Tierra De Las Palmas*

7  *Owners Ass'n*, No. 2:17-cv-02112-JAD-CWH, 2018 WL 2292525, at *8–9 (D. Nev. May 18,

8  2018) ("[T]he Bank suffers its injury at the moment of foreclosure, not years later when it gets

9  a court to confirm or disregard that injury.").  Accordingly, Plaintiff failed to file its quiet title

10  claims within the applicable five-year statute of limitations period because Plaintiff did not file

11  its Complaint until January 17, 2018.

12      With regard to Plaintiff's claims for declaratory relief, these are remedies rather than

13  stand-alone causes of action. *See, e.g.*, *Brannan v. Bank of Am.*, No. 2:16-cv-01004-GMN-

14  GWF, 2018 WL 1220562, at *6 (D. Nev. Mar. 8, 2018); *Martin v. Bank of Am.*, No. 2:15-cv-

15  0372-GMN-PAL, 2016 WL 70456, at *3 (D. Nev. Jan. 6, 2016).  Here, however, Plaintiff's

16  declaratory relief remedy is linked to the outcome of the quiet title causes of action, (*See*

17  Compl. ¶¶ 24–32, 42–51), which the Court dismisses as time-barred i*nfra*.  Plaintiff

18  consequently cannot establish an entitlement to declaratory relief. *See Brannan*, 2018 WL

19  1220562, at *6.  Thus, Plaintiff's declaratory relief claims are dismissed.

20      **B.  Unjust Enrichment**

21      "[U]njust enrichment occurs whenever a person has and retains a benefit which in equity

22  and good conscience belongs to another." *Coury v. Robison*, 976 P.2d 518, 521 (Nev. 1999) (en

23  banc) (quotation omitted).  The statute of limitations for an unjust enrichment claim under

24  Nevada law is four years. Nev. Rev. Stat. 11.190(2)(c).

25

Here, Plaintiff's Complaint alleges that after the Property foreclosure on March 2, 2012, Plaintiff paid "property taxes assessed to the [Property]" and "incurred charges for the maintenance and preservation of the [Property]," of which Defendant retained the benefit without compensating Plaintiff. (Compl. ¶¶ 61–63). Plaintiff, however, provides no specific dates that show when it made these payments or incurred these charges, nor does Plaintiff state when Defendant accepted or retained these benefits. Instead, Plaintiff only states that these payments or charges arose "following the HOA sale on March 2, 2012," and "Defendant has accepted and retained the benefit." (*Id.*). Therefore, because the only anchor date of March 2, 2012, is outside the four-year statute of limitations period, the Court cannot determine from the face of the Complaint whether Plaintiff timely filed its unjust enrichment claim. Plaintiff's claim for unjust enrichment is therefore dismissed without prejudice.

**IV.        CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 9), is **GRANTED**. Plaintiff's quiet title and declaratory relief claims are **DISMISSED with prejudice**. Plaintiff's unjust enrichment claim is **DISMISSED with leave to amend**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 12), and Motion to Strike, (ECF No. 13), are **DENIED as moot**.

**IT IS FURTHER ORDERED** that if Plaintiff can plead additional facts to establish the timeliness of its unjust enrichment claim, Plaintiff may file an amended complaint. If Plaintiff elects to do so, Plaintiff shall have twenty-one (21) days from the filing date of this Order to do so. Failure to file a second amended complaint by this date shall result in the dismissal of Plaintiff's claims dismissed herein with prejudice.

**DATED** this __18__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT JUDGE